IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, ) | C/A No. 3:11-2824-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Federal Bureau of Investigation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this civil action against the Federal Bureau of Investigation ("FBI"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff alleges that as of October 13, 2011, the FBI in Columbia, South Carolina "is assaulting and battery with intent to kill with their internal machine," and that the FBI is investigating his life and livelihood. (See ECF No. 1 at 4-5.) Plaintiff alleges that he has a witness, Malvia C. Greene, to attest that she knows about his "internal condition investigation from [the] F.B.I." (Id.) Plaintiff alleges that Angie Lee Brunson is his ex-wife and that she was also injured.[1] (Id.) Plaintiff alleges that he is the primary plaintiff and that his and Angie Lee Brunson's children's lives and livelihoods are also being threatened.

---

[1] In an order entered contemporaneously with this Report and Recommendation, the Clerk of Court is directed to terminate or delete Angie Lee Brunson as a named plaintiff in this action because she did not sign the Complaint.



(Id.) Allegedly, the United States Attorney General has Angie Lee Brunson's witness statement. (Id.) Plaintiff alleges that the FBI is intimidating him and that he is a vulnerable adult with disabling mental and physical conditions. (Id.) Plaintiff seeks forty-two million dollars.

Plaintiff alleges that on April 29, 2011, United States Attorney for the District of South Carolina William Nettles wrote a letter to Thomas O'Neill, an employee of the FBI, wherein Nettles directed O'Neill to respond or contact Plaintiff about his FTCA claim. (Id. at 5-6.) Plaintiff attached a copy of said letter to the Complaint. (Id. at 9.) The body of the letter provides:

> Enclosed is correspondence received from Mr. Ronald Brunson, an inmate at Sumter Lee Regional Detention Center, regarding an FTCA claim. In the event that your office might be able to provide some assistance to Mr. Brunson, I am forwarding the correspondence to you. Thank you for any assistance you can provide.

(Id.) Plaintiff was mailed a copy of Nettles' letter. (Id.) Plaintiff alleges that he should receive restitution money due to O'Neill's failure to obey Nettles' order to contact Plaintiff. (Id. at 6.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint should be dismissed because Plaintiff lacks standing to bring this action on his ex-wife's behalf. Plaintiff alleges that Angie Lee Brunson is his ex-wife, and he alleges that she was also injured, presumably by the FBI. Plaintiff cannot litigate his ex-wife's alleged claim for personal injury damages. See Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims); see also Frank Krasner Enter., Ltd. v. Montgomery Co., Md., 401 F.3d 230, 234-36 & nn.6-9 (4th Cir. 2005) (collecting cases on standing); Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate). In Myers, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." Id. This is a right of high standing which " 'reflects a respect for the choice of an individual citizen to plead his or her own cause.' " Id. (quoting Cheung v. Youth

Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. Myers, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court . . . , and jealously guards the judiciary's authority to govern those who practice in its courtrooms . . . ." Id. Thus, Plaintiff's claims brought on behalf of Angie Lee Brunson should be dismissed for lack of Article III standing.

To the extent that Plaintiff intends to bring a claim solely on his own behalf based on alleged intentional or negligent misconduct committed by the FBI, including O'Neill's alleged failure to comply with Nettles' letter, the Complaint is subject to summary dismissal based on failure to state a claim on which relief may be granted. If this case is treated as a Bivens action,[2] a Bivens action may not be brought against agencies of the United States, such as the Federal Bureau of Investigation. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). If this case is treated as one brought under the Federal Tort Claims Act ("FTCA"), the defendant in this action, the Federal Bureau of Investigation, is entitled to summary dismissal on the basis of sovereign immunity. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), aff'd, 46 F. App'x 212 (4th Cir. 2002).

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights).



Additionally, Plaintiff's allegations based on Nettles' letter, dated April 29, 2011, lack an arguable basis in fact and in law and, thus, are frivolous. It appears that Nettles wrote the April 29, 2011, letter to O'Neill to accompany Plaintiff's correspondence, which Nettles purported to forward to O'Neill.[3] As a courtesy, Nettles' letter thanked O'Neill for any assistance that the FBI may be able to provide to Plaintiff. On its face, Nettles' letter did not order the FBI to take any action, and Plaintiff's factual allegations to the contrary are baseless. Also, as a matter of law, the letter did not create a legal right enforceable by Plaintiff. Thus, Plaintiff's allegations related to Nettles' letter should be dismissed as legally and factually frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915.

November 29, 2011
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] This court is not fact finding whether Brunson's correspondence was, in fact, forwarded with the letter.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).